19-1607
Singh v. Garland

BIA
Kolbe, IJ
A208 203 370

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-two.

PRESENT:
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
MICHAEL H. PARK,
   *Circuit Judges.*

---

SUKHWINDER SINGH, AKA SUKHI THAPA,
   *Petitioner,*

v.                                                    19-1607
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

---

FOR PETITIONER:        Deepti Vithal, Esq., Richmond Hill, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General, Office of

Immigration Litigation; Zoe J. Heller, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sukhwinder Singh, a native and citizen of India, seeks review of a May 3, 2019 decision of the BIA affirming a November 2, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhwinder Singh,* No. A208 203 370 (B.I.A. May 3, 2019), *aff'g* No. A 208 203 370 (Immig. Ct. N.Y. City Nov. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir.

2

2010).

To establish eligibility for asylum, Singh was required to show that he suffered past persecution, or that he has a well-founded fear of future persecution, on account of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). "Private acts can . . . constitute persecution if the government is unable or unwilling to control such actions." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). When a petitioner establishes past persecution, the agency applies a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). The Government may rebut that presumption by showing, by a preponderance of the evidence, that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Lecaj*, 616 F.3d at 115. Here, the agency reasonably concluded that, even assuming members of the Dera Sacha Sauda ("DSS"), a spiritual organization led by Gurmeet Ram Rahim Singh ("Ram Rahim"), persecuted Singh in 2015 and the Indian government

3

was unable or unwilling to control the group at the time, the government rebutted the presumption of a well-founded fear of future persecution.

As the IJ found, in 2017, the Indian government successfully prosecuted Ram Rahim, the cult-like leader of DSS, for sexual assault. He was sentenced to 20 years in prison. After Ram Rahim's conviction, DSS members clashed with security forces and destroyed public and private property resulting in approximately 38 deaths. The local government of the state where the DSS ashram is located was criticized for failing to prepare for or prevent the violence. But, as the IJ noted, when Ram Rahim was sentenced, the government instituted numerous successful measures to prevent DSS members from committing further violence. The reports prepared by the State Department and the U.S. Commission on International Religious Freedom do not state that DSS members commit violence against other citizens. Because the evidence supports the finding that there has been a fundamental change in circumstances since Singh was harmed in 2015, the agency did not err in finding that Singh had no well-founded fear of future persecution and on that basis in denying asylum,

4

withholding of removal, and CAT relief.* *See* 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Lecaj*, 616 F.3d at 116– 20.

We do not reach that part of the BIA's decision in which it declined to remand to the IJ for consideration of new evidence, because Singh does not challenge that ruling. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding abandoned issues and claims not raised in opening brief). We lack jurisdiction to consider Singh's humanitarian asylum claim because he did not raise it before the agency. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)).

---

* The Government incorrectly contends that Singh waives his CAT claim. The agency denied that relief because Singh failed to satisfy his burden for asylum; thus, his challenge to asylum necessarily includes a challenge to the denial of CAT protection.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court